John Orville JONES, Relator

v.

COMMISSION FOR LAWYER DISCIPLINE, a permanent committee of the State Bar of Texas, Texas Board of Law Examiners, Rachel Martin, executive director, Texas Board of Law Examiners, and John T. Adams, Clerk of the Supreme Court of Texas, Respondents.

No. 95–0586.

Supreme Court of Texas.

Dec. 22, 1995.

Ronald H. Tonkin and Barry S. Berger, Houston, for Relator.

Antonio Alvarado, James M. McCormack, Mary Taylor Henderson, Dan Morales, Rachael P. Martin, and Jennifer Gilchrist, Austin, and Stephen D. Statham, Houston, for Respondents.

ON PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

John Orville Jones filed for mandamus relief against the Commission for Lawyer Discipline, the Texas Board of Law Examiners, Rachael Martin, Executive Director of the Texas Board of Law Examiners, and John T. Adams, Clerk of the Supreme Court of Texas. He seeks reinstatement of his license to practice law pursuant to an order of the 281st District Court. Jones had petitioned the district court for reinstatement of his membership in the State Bar of Texas, and the court found that "the best interests of the public and the legal profession, as well as the ends of justice, will be served by reinstatement of [Jones'] license to practice law." The court granted Jones' petition for reinstatement, on the condition that he pass the bar examination within eighteen months of the judgment date, "as provided by Rule 11.06 of the Texas Rules of Disciplinary Procedure." The court ordered the Board of Law Examiners to admit Jones to the bar examination "in accordance with its applicable rules and procedures."

After passing the February 1995 bar examination, Jones applied for his license. The Board of Law Examiners declined his application on the grounds that he had not satisfied the requirement of good moral character and fitness.

The Board contends that, because the district court ordered it to admit Jones "in accordance with its applicable rules and procedures," the court placed Jones in the position of a first-time applicant, subject to the Board's routine moral character and fitness investigation. Jones argues that the district court found that he possessed the requisite moral character and fitness for readmission to the bar, and placed only one condition on reinstatement of his license: that he pass the bar examination within eighteen months of the judgment date.

We agree that, according to the district court's judgment, the only prerequisite to Jones' reinstatement was passing the bar exam. His reinstatement was not dependent on an additional inquiry into his character. The district court found that Jones possessed the requisite moral character to practice law, and its finding is dispositive.

Because Jones has satisfied the only condition for reinstatement, this Court has directed the Clerk of the Court to issue his license to practice law. Accordingly, a majority of the Court, without hearing oral argument, dismisses the Petition for Mandamus Relief as moot. TEX.R.APP.P. 122.